(No. 3839—

Gene Yorton, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed May 14, 1946.*

Louis F. Knoblock, for claimant.

George F. Barrett, Attorney General; C. Arthur Nebel, Assistant Attorney General, for respondent.

125

FISHER, C. J.

Claimant was in the employ of respondent in the Department of Public Welfare, Division, Peoria State Hospital, on the 29th day of March, 1943 as a machinist.

In the operation of power driven machinery on said date claimant suffered an injury to his left hand, and seeks an award under the provisions of the Workmen's Compensation Act for the entire loss of use of the hand.

The record of the case consists of the Complaint filed March 25, 1944, Departmental Report filed April 17, 1944, Order to Show Cause why claim should not be dismissed for want of prosecution entered January 8, 1946, Motion of Claimant for Extension of Same filed January 8, 1946, Affidavit in Response to Order to Show Cause filed January 8, 1946, Transcript of Evidence filed March 28, 1946, Waiver of Brief of Claimant filed April 26, 1946 and Waiver of Brief of Respondent filed April 30, 1946.

The evidence discloses that claimant, as a result of the said injury, suffered the entire loss of use of the third finger of his left hand, but the evidence does not show any other injury to, or the loss of, use of the hand.

No jurisdictional questions are involved, and the claim was filed in apt time. Claimant was injured in the course and within the scope of his employment, and is entitled to the benefits of the Workmen's Compensation Act for the injury sustained.

Claimant was employed at a wage rate of $1.27½ per hour. His compensation rate is $16.50 per week. For the loss of a third finger claimant is entitled to receive $16.50 per week for a period of twenty-five (25) weeks.

The Workmen's Compensation Act, (section 8—E 4 and L).

An award is therefore entered in favor of claimant, Gene Yorton, in the sum of Four Hundred Twelve and 50/100 Dollars ($412.50), all of which is accrued and payable forthwith.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."